## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA

CALEB A. DIAL,

                          Plaintiff,

vs.                                  **CASE NO. 2022-cv-00316**

KEITH HIGGINBOTHAM
(Individually and in his capacity as a Police
Officer for the Milton Police Department and
the City of Milton, West Virginia)

and

MILTON POLICE DEPARTMENT
(a West Virginia Corporation political
subdivision)

and

CITY OF MILTON, WEST VIRGINIA
(a West Virginia municipality)

and

JOHN DOE 1-5

                         Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

COMES NOW, the Defendants, Keith Higginbotham, Milton Police Department, and City of Milton, West Virginia, by and through their counsel, John W. Burns, Esquire, and Gordon Rees Scully Mansukhani, LLP and pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, hereby submits this Memorandum of Law in Support of Motion to Dismiss, which is filed contemporaneously herewith.

### I.     BACKGROUND FACTS/PROCEDURAL HISTORY

Plaintiff filed the Complaint in the above-referenced matter or about August 3, 2022.

By Stipulation of the parties filed with this court, Defendants' deadline to respond to Plaintiff's Complaint was agreed to be September 6, 2022.

Plaintiff's Complaint alleges that all of his claims against all Defendants arise from an event which took place on August 27, 2021, when he was allegedly unlawfully arrested by Officer Higginbotham who was acting within the scope of his employment for the Milton Police Department ("Department") and/or the City of Milton, West Virginia ("City").

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on August 27, 2021, Officer Higginbotham improperly and unlawfully placed him in his patrol vehicle and placed him under arrest for violating several West Virginia criminal statutes. Plaintiff further alleges that Officer Higginbotham, while acting within the scope of his employment for or on behalf of Defendants, City and the Department also prepared and filed a false, incorrect and directly contradicted police report which resulted in the Plaintiff spending three (3) days in jail. *See Complaint* ¶¶15-23.

Based upon these allegations, Plaintiff alleges the following state law claims:

Count IV:        against all Defendants, false imprisonment;

Count VI:        against Defendant Higginbotham, assault and battery;

Count VII:       against all Defendants, intentional infliction of emotional distress;

Count VIII:      against all Defendants, state law claim for violation of kidnapping;

Count IX:        against all Defendants, malicious prosecution;

Count XI:        against Defendants Milton Police Department and City of Milton, negligent retention.

Plaintiff also alleges the following federal law claims:

2

Count I:        against Defendant Higginbotham, excessive force in violation of the 4th and 14th amendments of the United States Constitution and pled under 42 U.S.C. §1983;

Count II:      against all Defendants, unlawful seizure of a person in violation of the 4th and 14th amendments of the U.S. Constitution and pled under §1983;

Count III:     against all Defendants, false imprisonment in violation of the 4th and 14th amendments of the U.S. Constitution and pled under §1983;

Count V:      against Defendants Milton Police Department and City of Milton, failure to hire, train and supervise and for customs policies and practices in violation of the 4th amendment of the U.S. Constitution and pled under §1983;

Count X:      against all Defendants, malicious prosecution in violation of the 4th and 14th amendments of the U.S. Constitution and pled under §1983.

Plaintiff seeks damages for compensatory damages, punitive damages, attorneys' fees, for severe emotional distress and anguish, along with mental and physical damages.

### III.    <u>STANDARD OF REVIEW</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009); *see* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Furthermore, the plaintiff must provide in the claim "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

When considering a motion to dismiss, the court is first tasked with "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id* at 678; *Giacomelli,* 588 F. 3d at 193. "A complaint fails to state a claim if it tenders 'naked assertions'

devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678. The court is to review the "well-pleaded factual allegations" to determine if they "plausibly give rise to an entitlement to relief." *Id* at 679. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief"" *Id* at 679; *Giacomelli*, 588 F.3d at 193. Thus, while a plaintiff's allegations are assumed to be true, a court may not ignore a clear failure to allege facts that set forth a claim under federal law. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387, 399-91 (4th Cir. 1990). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678.

Further, a motion to dismiss "generally cannot reach the merits of an affirmative defense" *Goodman v. Praxair, Inc*., 494 F.3d 458, 464 (4th Cir. 2007). Yet "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12 (b) 6)." *Id.* Significantly, "[t]his principle only applies… If all facts necessary to the affirmative defense clearly appear on the face of the complaint" *Id* (citing *Richmond, Fredericksburg & Potomac, R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (internal quotations and punctuation omitted).

## IV.    LEGAL ARGUMENT

Plaintiff has alleged both federal and state law claims against the Defendants. As such, two immunity doctrines apply to the current matter and bar many of these claims against the Defendants: qualified immunity with respect to Plaintiff's federal claims, and statutory immunity

4

with respect to Plaintiff's state law claims. *See*, e.g., *Zsigray v. Cnty. Comm'n of Lewis Cnty.*, No. 2:16-CV, 2017 WL 462011, at *4 (N.D.W. Va. Feb. 2, 2027) (applying qualified immunity framework to federal law claims and statutory immunity framework to state law claims).

**A**. **Counts IV, VII, VIII and IX Must be Dismissed against Defendants City of Milton, West Virginia and Milton Police Department Because They Are Immune From Liability for the Intentional Conduct of Their Employee**

In the Complaint, Counts IV, VII, VIII and IX, Plaintiff seeks to impose state-law claims of liability upon the Department and the City for the alleged, intentional acts of their employee, Officer Higginbotham. West Virginia statutory immunity framework governs Plaintiff's state law claims, and is a product of the West Virginia governmental Tort Claims Act and Insurance Reform Act ("Tort Claims Act"). *See* W. Va. Code §29-12A-1 *et seq.* The Tort Claims Act does not shield political subdivisions or their employees from liability for "[c]ivil claims based upon alleged violations of the Constitution or statutes of the United States." W. Va. Code §29-12A-18.

However, under the Tort Claims Act §29-12A-4(c), a political subdivision is only subject to liability for the negligence of its employees, not for the intentional conduct of its employees. *See* W. Va. Code §29-12A-4(c). Defendants City and Department are both political subdivisions under the Tort Claims Act.  *See* W.Va. Code §29-12A-3(b), (c).  Under West Virginia law, "claims of intentional and malicious acts are included in the general grant of immunity in W.Va. Code §29-12A-4(b)(1). Only claims of negligence specified in W. Va. Code §29-12A-4(c) can survive immunity from liability under the general grant of immunity in W. Va. Code §29-12A-4(b)(1)." Thus, the Department cannot be liable for Officer Higginbotham's alleged intentional conduct. The Plaintiff has identified no employee of the department or the City who was allegedly negligent and has only identified/alleged intentional conduct in the Complaint. In fact, the thrust of all the claims against the Defendants in Counts IV, VII, VIII and IX were that Officer Higginbotham intentionally subjected Plaintiff to the unlawful arrest and detention in violation of his

constitutional rights and the common law. Negligence, this is not. *See Stern v. Rudolph*, 32 S.E.2d 742, 748 (W. Va. 1944) ("a willful act is an intentional act, and, strictly speaking, there can be no such thing as willful negligence, because negligence conveys the idea of inadvertence as distinguished from premeditation or formed intention.").

It follows that the Department and the City are immune from the state law allegations against the City and Department pursuant to the West Virginia Tort Claims Act. All claims against the City and Department for the alleged intentional acts of their employee raised in Counts IV, VII, VII and IX of Plaintiff's Complaint must be dismissed.

**B.      Counts I, II, III, V and X Against Officer Higginbotham Should be Dismissed Based Upon Qualified Immunity**

Plaintiff brings federal law claims against an individual defendant, Officer Higginbotham in Counts I, II, III, V and X of the Complaint. The doctrine of qualified immunity provides an affirmative defense to government officials against civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v Fitzgerald*, 457 U.S. 800, 818 (1982). As qualified immunity is "an immunity from suit rather than a mere defense to liability… it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v Forsyth*, 47 U.S. 511, 526 (1985). To that end, the United States Supreme Court has "made clear that the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials [will] be resolved prior to discovery." *Anderson v Creighton*, 483 U.S. 635, 642 (1987) (internal quotation marks omitted) (brackets in original). Nevertheless, where "qualified immunity is asserted at the pleading stage, the precise factual basis for the plaintiff's claim or claims may be hard to identify." *Pearson v Callahan*, 555 U.S. 223, 238-39 (2009).

A government official is entitled to qualified immunity based on two separate inquiries: first, whether the facts alleged demonstrate that a deprivation of a constitutional right has occurred, and second, whether that right was clearly established at the time of the alleged violation. *Id* at 232. The court may address either question first and the second prong presents a particularly high bar that requires a plaintiff to demonstrate that "every reasonable official would have understood" that he or she was violating a constitutional right. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). To demonstrate qualified immunity a defendant must demonstrate that the complaint itself reveals "all the facts necessary" to justify the application of qualified immunity. In re: *Willis Towers Watson PLC Proxy Litig.*, 937 F.3d 297, 302 n.2 (4th Cir. 2019).

In the current matter, it is clear from a review of the Complaint that qualified immunity applies and requires dismissal of the federal claims against Defendant Higginbotham. A review of the Complaint demonstrates nothing more than an arrest without any excessive force maliciousness or unwarranted seizure of the Plaintiff in violation of any federal laws. The facts alleged in the Complaint and the allegations made by Plaintiff describe a lawful arrest where Officer Higginbotham, while responding to a domestic violence report/call, for his own safety, handcuffed the Plaintiff. He thereafter placed the Plaintiff in the rear of his patrol vehicle while he investigated the incident in question so as to protect both himself and others from potential harm caused by the Plaintiff and to protect against the Plaintiff possibly fleeing the scene.  Further, Plaintiff does not allege any physical injuries or damages caused to his body or person as a result of the arrest at issue. Rather, he makes conclusory and broad allegations of the same throughout his Complaint.

Plaintiff states in very broad terms that Officer Higginbotham used unnecessary force "in violation of his clearly established rights guaranteed by the 4th and 14th amendments of the U.S. Constitution" and pled under §1983. *Complaint* ¶25. He further states in general terms that Officer

Higginbotham acted "in violation of state and federal constitutional statutory rights." *Complaint* ¶31. With regard to Count III, Plaintiff incorporates prior allegations and then avers that Officer Higginbotham "caused Mr. Dial to be falsely imprisoned in violation of his constitutional rights." *Complaint* ¶38.

These general and broad allegations are insufficient to demonstrate that any excessive force was used by Officer Higginbotham or that unnecessary restraint or seizure was used by the officer. The facts alleged on the Complainant are completely devoid of the specificity necessary to establish that Officer Higginbotham deprived the Plaintiff a constitutional right which was clearly established at the time of the alleged arrest. Rather, Officer. Higginbotham acted in a manner, based upon the allegation in the Complaint that was not described as being excessive or unnecessary.  No factual details pled by Plaintiff support any conclusion that Officer Higginbotham understood that he was violating any of Plaintiff's constitutional rights.  As such, Officer Higginbotham is afforded qualified immunity from these claims.  Therefore, based on the foregoing, counts I, II, III, V and X of Plaintiff's Complaint should be dismissed.

**C.    Plaintiff's Claim for Punitive Damages are (1) not allowed against the Department or City Under Plaintiff's State Law Claims, (2) Punitive Damages are not Allowed Against the City, Department or Officer Higginbotham under Plaintiff's Federal Law Claims, and (3) Officer Higginbotham's Lawful Arrest Does Not Support a Punitive Damages Claim**

Plaintiff, in his Complaint seeks punitive damages against all Defendants based upon the allegations that Defendants' conduct constituted conscious, willful, malicious, reckless and outrageous indifference to the health, safety and welfare of Plaintiff. *See* Plaintiff's Complaint ¶¶ 86 (b) and 87. The Plaintiff makes general allegations throughout the Complaint that the conduct of the Defendants was malicious, willful and was done with a reckless indifference to the rights of others.

To the extent Plaintiff asserts a punitive damages claim under 42 U.S.C. §1983, the United States Supreme Court has held that §1983 does not allow punitive damages against municipalities. *See Newport v Fact Concerts, Inc.*, 453 U.S. 247, 69 L.Ed. 2d 616, 101 S.Ct. 2748 (1981); *Smith v Wade*, 461 U.S. 30, 36 fn 5 (1983); *Polk v. Town of Sophia*, No. 5:13-cv-14224, 2013 U.S. Dist. LEXIS 168516, at *28 (S.D.W. Va. Nov. 27, 2013). Also, a claim for punitive damages is not allowed against officers sued in their official capacity in a §1983 action. *Helmbright v. Davis*, Civil Action No. 5:04-cv-69, 2006 U.S, Dist. LEXIS 100481, at *20 (N.D.W. Va. Jan. 20, 2006) ("punitive damages cannot be awarded against municipalities or official capacity defendants."). Here, Plaintiff has accurately pled that the City and Department are municipalities. *See* Complaint ¶¶12, 13. Plaintiff has also pled that Officer Higginbotham has been sued in his official capacity. *See* Complaint ¶¶ 1, 4, 11. As such, all claims for punitive damages against the Defendants sought under 42 U.S.C. §1983 must be dismissed.

Regarding Plaintiff's state law claims against the Defendants, under West Virginia's Tort Claims Act, "in any civil action involving a political subdivision or any of its employees as a party defendant, an award of punitive or exemplary damages against such political subdivision is prohibited." W. Va. Code §29-12A-7(a). Thus, under state law, no punitive damages may be awarded against a political subdivision such as the Department. Accordingly, all claims by Plaintiff seeking punitive damages related to any state law claim against all of the Defendants must be dismissed also.

Moreover, taking Plaintiff's allegations as true, Plaintiff has failed to plead facts warranting punitive damages under West Virginia law. Pursuant to West Virginia law:

> An award of punitive damages may only occur in a civil action against the defendant if a plaintiff establishes by clear and convincing evidence that the damages suffered were the result of the conduct that was carried out by the defendant with actual malice toward the plaintiff or conscious, reckless and

outrageous indifference to the health, safety and welfare of others… The amount of punitive damages that may be awarded in a civil action may not exceed the greater of four times the amount of compensatory damages or $500,000, whichever is greater.  West Virginia Code §55-7-29.

Similarly, to prove punitive damages under §1983, the United States Supreme Court has stated a plaintiff must show that a defendant's conduct was "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625 (1983).

Plaintiff's allegations demonstrate a lawful arrest and demonstrate that Officer Higginbotham did not use excessive force under the circumstances. Officer Higginbotham was privileged to use the force necessary to protect himself from harm during the arrest of Plaintiff. This lawful arrest is not evidence of malice, or conscious, reckless and outrageous indifference to the health, safety and welfare of others. The lawful arrest was not evidence of any evil intent or reckless or callous indifference to the federally protected rights of others. Based upon the foregoing, all of Plaintiff's punitive damages claims in his Complaint, whether based upon Federal or State causes of action, must be dismissed.

### D.    Count XI for Negligent Retention Must be Dismissed Because Plaintiff has Failed to Plead Any Facts Showing Negligent Retention by Defendants

Under West Virginia law, negligent hiring or retention claim may exist only if the following tests can be answered affirmatively: "when the employee is hired or retained, did the employer conduct a reasonable investigation into the employee's background vis-a-vis the job for which the employee was hired and the possible risk of harm or injury to coworkers or third parties that could result from the conduct of an unfit employee? Should the employer have reasonably foreseen the risk caused by hiring or retaining an unfit person?" *State ex rel W. Va. State Police v Taylor*, 499 S.E.2d 283, 289 n.7 (W.Va. 1997). Here, the Plaintiff appears to be referring to the

conduct of Officer Higginbotham's conduct during his arrest on August 27, 2021 when he alleges that Defendants Police Department and city were made aware of the "misconduct of Defendant Higginbotham." *See* Complaint, ¶80. Plaintiff alleges that the City and Department knew that the misconduct committed by Defendant made him unqualified to remain employed in his position with the Milton Police Department. *See* Complaint, ¶81. However, Plaintiff appears only be referring to the conduct that gave rise to the current claim and not to any conduct that preexisted the hiring of the Plaintiff. Plaintiff also **makes no allegations** that the Defendants failed to conduct a reasonable investigation into the employee's background.  As such, the Complaint is devoid of any allegations to support a negligent retention claim.

Further, the alleged negligent actions of the Department and City all appear to have occurred **after**, the event giving rise to Plaintiff's Complaint.  In fact, the Plaintiff points to no alleged misconduct of Officer Higginbotham prior to the date of the incident at issue and does not in any way connect the alleged harm suffered by Plaintiff to the Defendants' post-incident retention of Officer Higginbotham. Rather, Count XI of Plaintiff's Complaint contains nothing more than legal conclusions and a formulaic recitation of the elements of Plaintiff's negligent retention claim which is clearly insufficient to support that cause of action.  *See Iqbal*, supra, at 678. Based on the foregoing, Plaintiff has failed to plead sufficient facts to support his Negligent Retention claim and Count XI must be dismissed.

E.   **Counts VI, VII and VIII of Plaintiff's Complaint for Assault and Battery Intentional Infliction of Emotional Distress and for Violation of a Statute Must Be Dismissed**

Counts VI and VII of Plaintiff's Complaint must be dismissed because Plaintiff failed to adequately plead a causes of action for assault and battery, intentional infliction of emotional distress and/or for kidnapping. Additionally, Officer Higginbotham was privileged to use

necessary force in effecting the lawful arrest of Plaintiff which was not extreme or outrageous and as such, is immune from liability for these causes of action.

### 1. Assault and Battery

Plaintiff brings his cause of action for Assault and Battery in Count VI against Officer Higginbotham only. Restatement (Second) of Torts §21 provides: "an actor is subject to liability to another for assault if (a) he acts intending to cause a harmful or offensive conduct with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such immediate apprehension." *Restatement (Second) of Torts* §21 (1965), cited with approval in *W. Va. Fire and Cas. Co. v. Stanley*, 216 W.Va. 40, 602 S.E.2d 483, 495 (2004).

Under West Virginia law, a person is subject to liability for battery if "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such conduct, and (b) a harmful contact with the person of the other directly or indirectly results." *Tolliver v Kroger Co.*, 201 W.Va 509, 498 S.E.2d 702, 711 (W.Va. 1997). Yet an act that would otherwise constitute battery "does not constitute tortious conduct if the actor is privileged to engage in such conduct." *Hutchinson v. W.Va. State Police*, 731 F.Supp.2d 521, 547 (S.D.W. Va. 2010). Relevant to the current matter, "an individual engaged in an arrest is afforded a privilege that precludes a battery claim." *Weigle v. Pifer*, 139 F.Supp.3d 760, 776 (S.D.W. Va. 2015); *see also Lee v. City of S. Charleston*, 668 F.Supp.2d 763, 779 (S.D.W. Va. 2009) (reasoning that "a peace officer acting within the limits of his appointments is privileged to arrest another".) Further, "force that would otherwise constitute a battery is not privileged if that force is excessive." *Weigle*, 139 F.Supp.3d at 777.

In the current matter, in Count VI regarding Plaintiff's assault and battery claim, the Plaintiff incorporates by reference the allegations set forth in the Complaint which includes the Factual Allegations previously summarized in this memorandum. *See Complaint* at ¶52. The Plaintiff, in Paragraphs 53 through 56 of his Complaint does not provide any detailed allegations that any force used by Officer Higginbotham was excessive in any way. Rather, it states in a conclusory manner that Officer Higginbotham "threatened bodily harm"… "by forcefully grabbing" the Plaintiff which caused the fear of bodily harm. (*Complaint* ¶53) and did "touch and injure Mr. Dial", (*Complaint* ¶54) and "battered" Mr. Dial (*Complaint* ¶56). However, these conclusory allegations do not plead or incorporate any other specific acts or even allege that Officer Higginbotham's conduct constituted excessive force which would defeat the recognized privilege that applies to his conduct. Therefore the privilege afforded Officer Higginbotham applies and warrants dismissal of Count VI against Officer Higginbotham. Additionally, the non-specific and conclusory allegations against Officer Higginbotham in Count VI of Plaintiff's Complaint are insufficient and fail to state a viable cause of action for assault or battery against Officer Higginbotham. *See Iqbal*, supra, at 678.  As such, Plaintiff's state law claim for Assault and Battery against Defendant Officer Higginbotham should be dismissed.

**2. Intentional Infliction of Emotional Distress.**

Count VII of Plaintiff's Complaint is a claim for Intentional Infliction of Emotional Distress against all Defendants. In order to establish intentional infliction of emotional distress under West Virginia law the Plaintiff must establish four elements:

(1)     that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency;

(2)     that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress will result from his conduct;

(3)     that the actions of the defendant caused the plaintiff to suffer emotional distress; and,

(4)     that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Loudin v. Nat'l Liab. & Fire In*s., 228 W.Va. 34, 716 S.E.2d 696, 705 (W.Va. 2011.).

As with Plaintiff's battery claim, because Officer Higginbotham was acting within the scope of his authority, his conduct was privileged and he is immune from liability under the West Virginia Tort Claims Act at W. Va. Code §29-12A-5(b) which states in pertinent part:

"an employee of a political subdivision is immune from liability unless one of the following applies:

(1)      his or her acts or omissions were manifestly outside the scope of his employment or official responsibility;

(2)     his or her acts or omissions were with malicious purpose, in bad faith, or any wanton or reckless manner; or

(3)     liability is expressly imposed upon the employee by provision of this code.

*W. Va. Code* §29-12A-5(b).

In the current matter, it is clear that Officer Higginbotham was acting within the performance of his function on behalf of the political subdivision Defendants and is as such, immune from this claim.  Further, Plaintiff's allegations state mere conclusory language in the form of a recitation of the elements of a claim for intentional infliction of emotional distress without any detail provided in support of the same. Although Plaintiff again incorporates the prior paragraphs and Factual Allegations of the Complaint, those too are completely bereft of any detail demonstrating conduct which could be considered extreme, outrageous, malicious in purpose, in bad faith, wanton or reckless. As established above, such naked assertions, without further factual

enhancement, are insufficient.  *See Iqbal*, supra at 678. As such, they do not adequately demonstrate that any of the exceptions to the immunity afforded Officer Higginbotham pursuant to the Tort Claims Act exist. With regard to Count VII as against the City and the Department, this claim has already been addressed in section A of this memorandum above. As demonstrated above, the City and Department are immune from liability for the alleged intentional acts of their employee, here Officer Higginbotham. For those reasons and for the reasons stated above, Plaintiff's Complaint fails to state a claim for intentional infliction of the emotional distress and Count VII of Plaintiff's Complaint should be dismissed.

### 3. Kidnapping - State Law Violation Pursuant to W.Va. Code §55-7-9

Plaintiff brings this cause of action in Count VIII based upon West Virginia Code §55-7-9 which allows an individual to seek damages from an "offender" who violated a statute of the state. *See* Complaint ¶65. The statute apparently violated by the "offender" and which is the basis for this cause of action was the kidnapping statute found in West Virginia Code §61-2-14a.

However, it is unclear from Plaintiff's Complaint which Defendant Count VIII is alleged against. In this Count, Plaintiff refers to "the acts of the defendant" as constituting kidnapping, using "defendant" in the singular. *See* Complaint, ¶64. Later, Plaintiff refers to "defendants' wrongful acts". *See* Complaint, ¶68. As such, it is assumed that this cause of action is being brought against all Defendants.

Regardless, Plaintiff's cause of action is, as set out above with regard to Counts VI and VII, completely devoid of the specificity required to plead this cause of action. Plaintiff does not describe any conduct in any detail to establish that any of the Defendants' acts constituted kidnapping which is the basis for this cause of action. Rather, again, Plaintiff merely states in conclusory terms legal conclusions that the acts of the Defendant "constitute kidnapping" and then

cite the section of the West Virginia Code. *See* Complaint, ¶64. The Plaintiff again states in broad, general terms that the "misconduct" was undertaken with malice. Willfulness. and reckless indifference. *See* Complaint ¶67.

As established above, without pleading with the sufficient specificity necessary to support this cause of action, Plaintiff's claim in Count VIII against Officer Higginbotham is deficient and should be dismissed. *See Iqbal*, supra, at 678. Further, as demonstrated above, the alleged underlying claim of kidnapping against Officer Higginbotham constitutes intentional conduct for which the City and Department are immune. Therefore, Plaintiff's Complaint fails to state a claim for state law violation against any Defendant pursuant to West Virginia Code §55-7-9 and Count VIII should be dismissed.

## V.     CONCLUSION

Based upon the foregoing arguments and authorities, Counts I, VI, VII, VIII, XI and all claims for punitive damages should be dismissed in their entirety. Further, Counts II, III, V, VI, and X should be dismissed as to Officer Higginbotham and Counts IV and IX should be dismissed as to the City and Department.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By:  */s/ John W. Burns*
 John W. Burns (WV Bar #10439)
 707 Grant Street, Suite 3800
 Pittsburgh, PA  15219
 T: 412-577-7400
 F: 412-347-5461
 jburns@grsm.com
 *Counsel for Defendants, Keith Higginbotham,*
 *Milton Police Department, and City of Milton,*
 *West Virginia*

16

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on September _6th_, 2022 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and served it upon the following counsel of record for all interested parties via the Court's CM/ECF system:

Tyler C. Haslam
Haslam Law Firm, LLC
Post Office Box 585
Huntington, WV 25701
tyler@haslamlawfirm.com
*Counsel for Plaintiff*

Bradley D. Dunkle
Dunkle Law, PLLC
314 9th Street, Suite 100C
Huntington, WV 25701
bdunkle@dunklewv.com
*Counsel for Plaintiff*

**GORDON REES SCULLY MANSUKHANI, LLP**

By:  */s/ John W. Burns*_____
John W. Burns (WV Bar #10439)
707 Grant Street, Suite 3800
Pittsburgh, PA  15219
jburns@grsm.com
(412) 577-7400